IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HARABIA JABBAR JOHNSON,

    *Petitioner,*

vs.

JEFF ZMUDA, SECRETARY,
KANSAS DEPARTMENT OF
CORRECTIONS,

    *Respondent.*

Case No. 19-CV-3173-EFM

**MEMORANDUM AND ORDER**

Before the Court is Petitioner Harabia Jabbar Johnson's Petition for Writ of Habeas Corpus (Docs. 1 & 2) seeking post-conviction relief. He seeks relief on the basis that he was unconstitutionally sentenced to an effective term of life imprisonment without the possibility of parole while he was a juvenile. For the reasons discussed below, the Court denies Johnson's petition.

## I.    Factual and Procedural Background

In July 1990, less than two months before his eighteenth birthday, Johnson took part in two violent crimes in Wichita, Kansas. Three months later—one month after his eighteenth birthday—Johnson committed aggravated arson while being held in the Sedgwick County Adult Detention Facility for his July crimes.

On February 7, 1991, Johnson pled guilty to charges arising from all three crimes: (1) aggravated battery in Sedgwick County Case No. 90 CR 1426, arising out of acts that took place on July 21, 1990; (2) first-degree murder, aggravated burglary, aggravated battery, aggravated arson, rape, aggravated sodomy, and two counts of aggravated kidnapping in Sedgwick County Case No. 90 CR 1427, arising out of events that took place on July 31, 1990; and (3) aggravated arson in Sedgwick County Case No. 90 CR 1843, arising out of the October 16, 1990 arson in the jail.

On March 12, 1991, sentencing was held as to all three matters, and the trial court adopted the recommended sentence per the parties' plea agreement. In 90 CR 1426, Johnson was sentenced to a term of imprisonment of not less than five years and no more than twenty years, to run concurrently with his sentence in 90 CR 1427, but consecutively to his sentence in 90 CR 1843. In 90 CR 1427, Johnson was sentenced to:

> imprisonment of a period not less than 5 years but not more than 20 years for aggravated burglary in count 1; not less than 5 years and not more than 20 years for aggravated battery in count 2; not less than 15 years to life for aggravated robbery in count 3; for a period of life on each charge of aggravated kidnapping for counts 4 and 5; [not less than 15 years to life for rape in count 6]; not less than 15 years to life for aggravated criminal sodomy in count 7; for a period of life for first-degree murder in count 8; and for a period of not less than 15 years to life for aggravated arson in count 10. Count 9 was dismissed.[1]

The sentences in counts 1, 2, 3, 4, 5, and 10 were to run concurrently with each other. The sentences in count 6 and 7 were to run concurrently with each other, but consecutively to all others. Count 8 was to run consecutively with all other sentences in 90 CR 1427. Finally, Johnson was

---

[1] *Johnson*, 2017 WL 4700131, at *1; *see also* Sedgwick Cty. Dist. Ct. Records, Case No. 90CR1427, Sentencing Tr., p. 17–18. Count 6 appears to have been excluded from the Kansas Court of Appeals' summary in error.

sentenced to imprisonment of not less than 15 years to life for aggravated arson in 90 CR 1843—the only crime for which Johnson was over eighteen at the time of the act. 90 CR 1843 was to run consecutively with 90 CR 1426 and 90 CR 1427.

In February 2016, Johnson filed a motion in the Sedgwick County District Court for post-conviction relief under K.S.A. 60-1507. He argued, among other things, that his sentence violates the prohibition—announced in *Miller v. Alabama*[2]—on mandatory sentences committing juveniles to life imprisonment without the possibility of parole. His motion was denied by the district court and the decision was affirmed by the Kansas Court of Appeals. After the Kansas Supreme Court denied review, Johnson filed the present motion for federal habeas corpus relief.

## II.     Exhaustion

Prior to ruling on the merits of a petitioner's claims, courts must first determine if the petitioner exhausted claims at the state level. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack."[3] The exhaustion requirement is satisfied when a federal claim has been "fairly presented to the state courts" to the extent that the state courts had an "initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[4] " 'Fair presentation' means that the petitioner has raised the 'substance' of the federal claim in state court," not that the petitioner cited "book and verse on the federal constitution."[5]

---

[2] 567 U.S. 460 (2012).

[3] *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citations omitted); *see also* 28 U.S.C. § 2254.

[4] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotations and citation omitted).

[5] *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citations and quotations omitted).

In the instant case, Johnson filed a state habeas corpus motion, raising the same Eighth Amendment issue now raised in his federal habeas motion. The state district court denied the motion, the Kansas Court of Appeals affirmed, and the Kansas Supreme Court denied review. Thus, he has exhausted his claims at the state level.

### III. Legal Standard

The Court's review of Johnson's habeas motion is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[6] Pursuant to 28 U.S.C. § 2254(d)(1) and (2), a court may not grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[7]

The United States Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."[8] A state court decision may be an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court]'s decisions but unreasonably applies that principle to the facts of the prisoner's case."[9] The

---

[6] *Martinez v. Zavaras*, 330 F.3d 1259, 1262 (10th Cir. 2003) (citation omitted).

[7] *Holland v. Allbaugh*, 824 F.3d 1222, 1227 (10th Cir. 2016) (citations omitted).

[8] *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

[9] *Id*. at 413.

Court presumes that the state court factual findings are correct absent clear and convincing evidence to the contrary.[10]

Finally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[11] A pro se litigant is entitled to a liberal construction of his pleadings.[12] It is not the proper role of a district court, however, to "assume the role of advocate for the pro se litigant."[13]

## IV.   Analysis

The United States Supreme Court first held in *Graham v. Florida*[14] that the "Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide."[15] Although an offender need not be guaranteed eventual release, the State "must provide him or her with some realistic opportunity to obtain release before the end of that term."[16] Two years later, in *Miller v. Alabama*, the Court extended its holding to prohibit sentencing schemes that mandate life without the possibility of parole in all cases involving

---

[10] 28 U.S.C. § 2254(e)(1); *see also Fields v. Gibson*, 277 F.3d 1203, 1221 (10th Cir. 2002).

[11] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[12] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] 560 U.S. 48 (2010).

[15] *Id.* at 82.

[16] *Id.*

juvenile offenders.[17]  Finally, in *Montgomery v. Louisiana*,[18] the Court held that its pronouncement in *Miller* was retroactive on state collateral review.

Johnson now argues that his sentences violate the Court's pronouncement in *Miller*.[19]  He asserts that he was given two life sentences, plus thirty-five years to life, which is "tantamount to life without the possibility of parole."[20]  On appeal, the Kansas Court of Appeals recognized the Supreme Court's holding in *Miller*, but held that because "the district court stated [Johnson's] parole eligibility and conditional release dates were to be computed from July 22, 1990 . . . he was not sentenced to life in prison without the possibility of parole."[21]  Because the Kansas Court of Appeals correctly identified the governing legal rule, this Court must determine if it was applied in an objectively reasonable manner.[22]

When Johnson was convicted, first-degree murder and aggravated kidnapping were class A felonies; aggravated robbery, rape, aggravated sodomy, and aggravated arson were class B felonies; and aggravated battery and aggravated burglary were class C felonies.[23]  First, Kansas

---

[17] 567 U.S. at 465 ("We therefore hold that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.' ").

[18] 136 S. Ct. 718, 734 (2016) ("As a result, *Miller* announced a substantive rule of constitutional law.  Like other substantive rules, *Miller* is retroactive . . . .").

[19] Although Petitioner also mentions briefly that he was not "fully aware of the consequences" of his plea, Petitioner did not raise this issue in his Petition, nor has he demonstrated exhaustion as to that claim.  Pet'r's Pet. Writ Habeas Corpus, Doc. 2, p. 8; Pet'r's Pet., Doc. 1.  Thus, the Court will not consider this claim.  *See Eizember v. Trammell*, 803 F.3d 1129, 1141 (10th Cir. 2015) ("[S]tray sentences like these are insufficient to present an argument.").

[20] Pet'r's Pet. Writ Habeas Corpus, Doc. 2, p. 10.

[21] *Johnson*, 2017 WL 4700131, at *4.

[22] *Spears v. Mullin*, 343 F.3d 1215, 1248 (10th Cir. 2003); *see also* 28 U.S.C. § 2254(d).

[23] K.S.A. 1989 Supp. 21-3401 (murder in the first degree); K.S.A. 1988 Supp. 21-3414 (aggravated battery), 21-3421 (aggravated kidnapping), 21-3427 (aggravated robbery), 21-3502 (rape), 21-3506 (aggravated criminal sodomy), 21-3716 (aggravated burglary), 31-3719 (aggravated arson).

allowed for indeterminate sentences for class B and C felonies.[24] Next, although Kansas mandated "imprisonment for life" for class A felonies,[25] it also provided that "[a]n inmate sentenced for a class A felony . . . shall be eligible for parole after serving 15 years of confinement, without deduction of any good time credits."[26] Thus, Johnson was not sentenced under a scheme that mandated life imprisonment without the possibility of parole and *Miller* is inapplicable here.

Further, Johnson was not in fact sentenced to life without the possibility of parole. Although Johnson was simultaneously sentenced in three cases, 90 CR 1843 involved a crime that Johnson committed after he was eighteen years old. Thus, the Court need only consider Johnson's sentences in 90 CR 1426 and 90 CR 1427 to determine whether Johnson was sentenced to life without parole for crimes committed as a juvenile. As addressed above, in 90 CR 1426, Johnson was sentenced to not less than 5 years and no more than 20 years, to run concurrently with his sentence in 90 CR 1427. In 90 CR 1427, Johnson's sentences in counts 1-5 and 10 were to run concurrently for an aggregate of life imprisonment, with the possibility of parole after 15 years. Counts 6 and 7 ran concurrently to each other, but consecutive to all other counts for an aggregate of 15 years to life imprisonment. Finally, count 8 ran consecutively to all other counts for a term of life imprisonment, with the possibility of parole after 15 years.

---

[24] K.S.A. 1988 Supp. 21-4501(b)-(c).

[25] K.S.A. 1988 Supp. 21-4501(a); *see also State v. Beechum*, 251 Kan. 194, 833 P.2d 988, 991 (1992) ("Life imprisonment was the only, and consequently, the minimum sentence available once the trial court decided to impose imprisonment.").

[26] K.S.A. 1990 Supp. 22-3717(b); *see also State v. Perez*, 251 Kan. 736, 840 P.2d 1118, 1125 (1992) ("K.S.A. 1991 Supp. 22-3717(b) provides that an inmate sentenced to life for a class A felony shall be eligible for parole after serving 15 years."); *State v. Richard*, 235 Kan. 355, 681 P.2d 612, 621 (1984) ("Under K.S.A. 1979 Supp. 22-3717(2)(A) (now K.S.A. 1983 Supp. 22-3717[b]), an inmate sentenced for a class A felony, *i.e.*, first-degree murder, shall be eligible for parole after serving fifteen years of confinement."); *State v. Turner*, 1994 Kan. Unpub. LEXIS 32, *11 (1994) (analyzing Kansas' "hard forty" sentencing scheme and noting that outside of the hard forty sentencing structure, if a "hypothetical murderer had killed three people and been convicted of three counts of first-degree murder, he could have been eligible for parole after serving 45 years.") (citing K.S.A. 1993 Supp. 22-3717(b) and (c)(2)).

Johnson was therefore sentenced to a minimum of 45 years' imprisonment.[27] Because Johnson's parole eligibility and conditional release dates are to be computed from July 22, 1990,[28] Johnson will be first eligible for parole when he is approximately 62 years old. Thus, Johnson's assertion that his sentence is tantamount to life without the possibility of parole is without merit.

Finally, although Johnson has not filed separate motions requesting counsel or an evidentiary hearing, Johnson noted in his case caption that he requested counsel and an evidentiary hearing, and thus, the Court will briefly address his request. First, the Court concludes that an evidentiary hearing is unnecessary here. An evidentiary hearing is not warranted where a § 2254 claim "can be resolved on the record."[29] Johnson's petition raises the same Constitutional claim that he brought in state court, and he does not raise any new issues not briefed in the state record. Thus, Johnson's claim may be properly decided on the record, and an evidentiary hearing is unnecessary.

The Court further concludes that appointment of counsel is not warranted here. There is no constitutional right to appointment of counsel beyond the direct appeal of a criminal

---

[27] *See* K.S.A. 1989 Supp. 21-4608(a) ("When indeterminate terms run concurrently, the shorter minimum terms merge in and are satisfied by serving the longest minimum term . . . ."); K.S.A. 1989 Supp. 21-4608(c) ("When indeterminate terms imposed on the same date are to be served consecutively, the minimum terms are added to arrive at an aggregate minimum to be served equal to the sum of all minimum terms . . . ."); K.S.A. 1990 Supp. 22-3717(c) ("[I]f an inmate is sentenced to imprisonment for more than one crime and the sentences run consecutively, the inmate shall be eligible for parole after serving the total of [t]he aggregate minimum sentences . . . and [] an additional 15 years . . . for each crime which is a class A felony."). Although the parties estimate Johnson's minimum sentence to be 35 years, the Court's calculation is 45 years. Ultimately, the difference does not affect the outcome of Johnson's habeas petition and the Kansas Department of Corrections will determine Johnson's exact parole eligibility date.

[28] Sedgwick Cty. Dist. Ct. Records, Case No. 90CR1426, Journal Entry of J., p. 3; Case No. 90CR1427, Journal Entry of J., p. 4.

[29] *Anderson v. AG of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005) (citation omitted).

conviction.[30]  Further, where no evidentiary hearing is required, "appointment of counsel in a § 2254 proceeding is left to the court's discretion."[31]  Here, Johnson was represented by counsel in his state habeas proceeding brought on the same grounds as this petition, and Johnson incorporates much of his former counsel's argument in his brief before the Court.  The Court finds that Johnson's briefing adequately sets forth the basis for his petition.  Accordingly, the Court denies Johnson's motion for counsel.

**IT IS THEREFORE ORDERED** that Petitioner Harabia Jabbar Johnson's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 15th day of December, 2020.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[30] *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) (citations omitted).

[31] *Id.*